**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

DOLLS KILL, INC., a California Corporation,

Plaintiff,

v.

THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A,

Defendants.

Case No. 1:24-cv-01960

**Judge Steven C. Seeger**

**Magistrate Judge Jeffrey Cole**

## MEMORANDUM IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT

Plaintiff, Dolls Kill, Inc. ("Dolls Kill"), submits the following memorandum of law in support of its Motion for Default Judgment under Fed. R. Civ. P. 55 against Defendants MengEryt (Seller ID: A3G2JN8VLWLVD1) ("DOE 10") and Galawaqe (Seller ID: A3KAJDGGIUEXDZ) ("DOE 11") (collectively, the "Defaulting Defendants") based on Dolls Kill's action for federal copyright infringement under the Copyright Act 17 U.S.C. §§ 106, 501.

## STATEMENT OF FACTS

Dolls Kill is the sole owner of the intellectual property identified in the Complaint (collectively, the "Subject Artworks"). *See* Dkt. No. 1. The Subject Artworks are two-dimensional fabric designs, product designs, and marketing photographs for those products sold by Dolls Kill defined in the Complaint as the "Subject Designs" and "Subject Photographs". *Id.* at ¶ 1, 4, and Exhibit A and Exhibit D. Dolls Kill holds valid copyright registrations in the Subject Artworks (the "Subject Copyrights"). *Id.* at ¶¶ 94, 105, See also, Declaration of Olfa B'Chir ("B'Chir Decl.") at ¶¶ 4-8, Ex. A and B. Additional factual assertions related to Dolls Kill's claim contained in the Complaint are incorporated herein by reference.

Defaulting Defendants are individuals and purported business entities who, either individually or jointly, own and/or operate one or more of the e-commerce stores under at least the seller aliases identified in Schedule A (collectively, the "Seller Aliases"). Dkt. No. 3. Each Defaulting Defendant directs sales to Illinois residents by creating and operating e- commerce stores that target U.S. consumers using one or more Seller Aliases, offer shipping to the U.S., including Illinois, accept payment in U.S. dollars, and has offered for sale and/or sold unauthorized and unlicensed products featuring in whole or in part Dolls Kill's original copyrighted work, including but not limited to sweatshits and backpacks (the "Infringing Products") to residents of Illinois. Dkt. No. 1 at ¶¶ 8-9, 22-23, 27, 32, 43, 61, B'Chir Decl. ¶ 10, Ex.C.

Dolls Kill filed it's Complaint on March 7, 2024. Dkt. No. 1. On April 26, 2024, this Court granted Dolls Kill's *Ex Parte* Motion for Entry of Temporary Restraining Order (the "TRO") [Dkt. No. 10], subsequently extended the TRO as to Defendants "Liuchaoxiaomaibu" (#12) and "Anxianhe - Brand Bangyeerin" (#13) [Dkt. No. 16] and granted Plaintiff's Motion for Preliminary Injunction [Dkt. No. 33]. The TRO and Preliminary Injunction Order (the "PI Order") permitted Dolls Kill to complete service of process on Defendants by electronically publishing a link to the Complaint, PI Order, and other relevant documents on a website or by sending an e-mail to the e-mail addresses identified in Schedule A and to any e-mail addresses provided for Defendants by third parties that included a link to the subject website. Dkt. Nos. 10, 33. The Defaulting Defendants were properly served in accordance with the Court's order on May 6, 2024, and on July 18, 2024, a true and correct copy of this Court's Minute Entry [33] which was entered on Tuesday, July 16, 2024, was served on the Defendants by sending an email to the email addresses provided for the Defendants by Defendants and/or third parties, and by posting them on a website to which the Defendants have been directed. See Declaration of Mackenzie Paladino (the

"Paladino Decl.") at ¶ 2; Dkt. No. 12, 34. On July 26, 2024, this Court sua sponte entered default against Defaulting Defendants under Rule 55(a). Dkt. 37. Despite being properly served, the Defaulting Defendants have not filed an Answer or responsive pleading, nor have any formally appeared in this matter. See Paladino Decl. at ¶ 3.

Pursuant to Federal Rule of Civil Procedure 55(a) and (b)(2), Dolls Kill moves this Court for an Order of default judgment finding that Defaulting Defendants are liable on all counts set forth in Plaintiff's Complaint. Fed. R. Civ. P. 55(a), (b)(2). Moreover, Dolls Kill seeks entry of a permanent injunction prohibiting the Defaulting Defendants from selling Infringing Products, and an order that all assets in Defaulting Defendants' financial accounts, including those operated by Walmart, PayPal, Alibaba, Aliexpress, Amazon, JP Morgan, Payoneer, as well as any newly discovered assets, be transferred to Dolls Kill as partial satisfaction of damages.

## ARGUMENT

### I. Jurisdiction and venue are proper in this Court

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Copyright Act, 17 U.S.C. § 101, et seq., under 28 U.S.C. §§ 1331, 1338 (a), (b). Venue is proper in this Court under 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendants since each of the Defendants directs business activities toward consumers in Illinois and causes damage to Dolls Kill's business within this Judicial District. See Dkt. No. 1 at ¶¶ 8-9, 22-23, 27, 32, 43, 61, B'Chir Decl. ¶ 10, Ex. C; *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010) (without benefit of an evidentiary hearing, plaintiff bears only the burden of making a *prima facie* case for personal jurisdiction; all of plaintiff's asserted facts should be accepted as true and any factual determinations should be resolved in plaintiff's favor).

Through the fully interactive, e-commerce stores operating under the Seller Aliases, each of the Defaulting Defendants has targeted sales from Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more Seller Aliases, offering shipping to the United States, including Illinois, accepting payment in U.S. dollars, and, on information and belief, has sold counterfeit products and/or products which infringe upon Dolls Kill's Subject Copyrights by selling and/or offering for sale unauthorized, unauthentic, and counterfeit products in connection with the Subject Copyrights ("the Infringing Products") to consumers in the United States, including the State of Illinois. Dkt. No. 1 at ¶¶ 8-9, 22-23, 27, 32, 43, 61, B'Chir Decl. ¶ 10, Ex. C. Personal jurisdiction exists over Defaulting Defendants because they directly focus their unlawful business activities and infringing products toward consumers in the United States, including in the State of Illinois. *Id*. Specifically, Defaulting Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive e-commerce store fronts under the Seller Aliases through which Illinois residents can purchase Counterfeit Products. *Id*. *See Monster Energy Co. v. Wensheng*, 136 F. Supp. 3d 897, 906 (N.D. Ill. 2015) (finding that "defendants expressly elected to do business with the residents ... of Illinois" with their "... intentionally created and operated commercial, fully interactive ... Internet stores...through which consumers can purchase counterfeit...[p]roducts").

## II. Dolls Kill has satisfied the requirements for entry of default against Defaulting Defendants

Under Rule 55(a) of the Federal Rules of Civil Procedure, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). On March 7, 2024, Dolls Kill filed its Complaint against Defendants alleging federal copyright infringement under the Copyright Act, 17 U.S.C. §§ 106, 501, vicarious and contributory copyright

infringement, and violation of 17 U.S.C. § 1202. [Dkt. No. 1]. Dolls Kill properly served Defendants with the Complaint on May 6, 2024. Mackenzie Paladino (the "Paladino Decl.") at ¶ 2; Dkt. No. 12. None of the Defaulting Defendants have filed an answer or responsive pleading in this action. *See* Paladino Decl. at ¶ 3. The Defaulting Defendants have not filed a response or objection to the Preliminary Injunction Order, despite being properly service with the same in accordance with the Order. Id. at ¶ 5. Dkt. No. 34. Upon information and belief, the Defaulting Defendants are not active-duty members of the U.S. armed forces. Paladino Decl. at ¶ 4. Therefore, Dolls Kill is entitled to entry of default against the Defaulting Defendants.

## III. Dolls Kill has fulfilled the requirements for entry of default judgment

Federal Rules of Civil Procedure Rule 55(b)(2) provides for a court-ordered default judgment. It is within the sound discretion of the Court to grant default judgment. *USA Truck, Inc. v. Flat Water Logistics, Inc.*, 2021 WL 5033462, at *1 (N.D. Ill. Feb. 23, 2021). The Court may consider numerous factors in deciding to grant default judgment, including whether material issues of fact remain, and whether the grounds for default are clearly established. See *Seaga Int'l, Ltd. v. Austway Vending Invs. PTY Ltd.*, 2011 WL 6020162, at *2 (N.D. Ill. Dec. 2, 2011). Here, there are no material issues of fact at issue, and the grounds for default against Defaulting Defendants are clear.

As noted above, Dolls Kill served Defendants with the Complaint on May 6, 2024. *See* Paladino Decl. at ¶ 2; *see also* Dkt. No. 12. Defaulting Defendant's deadline to respond to Dolls Kill's Complaint has expired, and Defaulting Defendants' have failed to file any Answer or other responsive pleading. See Fed. R. Civ. P. 12(a)(1)(A). Defaulting Defendants have further failed to respond to Dolls Kill's Motion for Preliminary Injunction, despite being served with same in accordance with the order of this Court. *See* Paladino Decl. ¶ 5; *see also* Dkt. No. 34. This has also

already affirmed that Dolls Kill properly effected service on Defaulting Defendants, that jurisdiction and venue are proper against same, and that Dolls Kill has established a *prima facie* case for its claims of copyright infringement against Defaulting Defendants. See Dkt. No. 34. Because the grounds for default are clear and there are no material issues of fact as to Dolls Kill's claims, the Court should enter default judgment against Defaulting Defendants.

Additionally, consistent with previous similar cases, Dolls Kill requests an award of damages for Defaulting Defendants' sale of Infringing Products through the e-commerce marketplaces operating under the Seller Aliases. Dolls Kill also seeks entry of a permanent injunction prohibiting Defaulting Defendants from selling Infringing Products and an order that all assets in Defaulting Defendants' financial accounts, including those operated by PayPal, Alibaba, Aliexpress, and the Alibaba Entities, DHgate, Wish, PingPong, JP Morgan, Pay Eco, Um Pay, LianLian Pay and/or Payoneer, and any newly identified accounts be transferred to Dolls Kill.

## IV. Defaulting Defendants are liable for copyright infringement

To state a valid claim for copyright infringement, a plaintiff must plausibly allege that: (1) the plaintiff owns a valid copyright; and (2) the defendant copied fundamental elements of the work that are original. *Pers. Keepsakes, Inc. v. Personalizationmall.com, Inc*., 975 F. Supp. 2d 920, 923 (N.D. Ill. 2013). And on a motion for Default Judgment, the "well-plead allegations of the complaint relating to liability are taken as true." *USA Truck, Inc. v. Flat Water Logistics, Inc.*, 2021 WL 5033462, at *1 (N.D. Ill. Feb. 23, 2021); citing *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012); see also Fed. R. Civ. P. 8(b)(6).

Dolls Kill alleged in the Complaint that it is the exclusive owner of copyright registrations, encompassing the Subject Artworks shown in Exhibit A and D attached to the Complaint. Complaint [Dkt. 1] at ¶ 63-64, Olfa Decl. ¶ 4-8, Exh. A and B. Further, Dolls Kill alleged on

information and belief that the Defaulting Defendants have designed their Internet stores to deceptively appear like authorized entities selling genuine Dolls Kill products even though they are not authorized to do so and even though their goods under the Subject Copyrights are not genuine. *Id.* at ¶¶ 3-4, 67-68, 71, 75-80, 82. Dolls Kill also alleged that "[Defaulting] Defendants, and each of them, have willfully copied, reproduced, distributed, sold, and/or offered for sale Dolls Kill's Subject Designs for financial benefit by, without limitation, reproducing the Subject Design online and/or products bearing copies of the Designs for commercial benefit, including without limitation, through Defendant Internet Stores." *Id.* at ¶ 67. Dolls Kill further alleged on information and belief that the Defaulting Defendants wrongfully created copies of the copyrighted works without it's consent and engaged in acts of widespread infringement. *Id.* at ¶¶ *Id.* at ¶¶ 3-4, 67-68, 71, 75-80, 82, 97.

These well-pleaded facts, taken as true, establish Defaulting Defendants' liability for copyright infringement. Indeed, this Court has already held that Dolls Kill has proved a *prima facie* case for copyright infringement against Defaulting Defendants when it granted Dolls Kill's motion for a preliminary injunction against same. *See* Dkt. No. 33. Thus, default judgment should be granted against Defaulting Defendants.

## V. Dolls Kill should be awarded it's actual damages and Defaulting Defendants' disgorgeable profits

Damages may be awarded on default judgment without a hearing when "the amount claimed is liquidated or capable of ascertainment from definite contained in the documentary evidence or details in the affidavits." *Hughes v. United Debt Holding, LLC*, 2018 WL 11436781, at *1 (N.D. Ill. Nov. 1, 2018); citing *e360 Insight v. The Spamhaus Project*, 500 F.3d 597, 602 (7th Cir. 2007). Here, the Copyright Act sets forth the damages available to Dolls Kill, and the amount of these damages can be ascertained as follows.

A copyright owner may recover its "actual damages and any profits of the infringer that are attributable to the infringement and not taken into account in computing actual damages." *Ocean Atl. Woodland Corp. v. DRH Cambridge Homes, Inc.*, 262 F. Supp. 2d 923, 927 (N.D. Ill. 2003). And "[i]n establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work." *Deltak, Inc. v. Advanced Sys., Inc.*, 767 F.2d 357, 359 (7th Cir. 1985); citing 17 U.S.C. § 504(b). Dolls Kill is thus entitled to its actual damages, lost profits, and Defaulting Defendants' revenues related to the sale of the Infringing Products and has met its burden to establish same.

Copyright Act requires only a "minimal connection between revenue and infringement in direct profit cases," and a copyright owner can establish a "*prima facie* case for an award of infringer's profits by showing defendant's gross revenues from the sale of the infringing product." *Bergt v. McDougal Littell*, 661 F. Supp. 2d 916, 927 (N.D. Ill. 2009). Thus, "all a plaintiff must do to meet his burden in the Seventh Circuit is provide a figure limited to the profit stream resulting from the infringement. Requiring the plaintiff to show more would be contrary to § 504(b)'s intent and would confuse the parties' respective burdens." *Id*.

Here, Dolls Kill has established Defaulting Defendants' gross revenues from sales of the Infringing Product. As evidenced in records produced directly from Amazon regarding each of the Defaulting Defendants' seller storefronts, the Defaulting Defendants have made the following sales of Infringing Products:

| **Defaulting Defendant** | **Units of Infringing Product sold** | **Gross revenues from sales of Infringing Product** |
|---|---|---|
| Defendant # 10 MengEryt | 4263 | $273,423.22 |
| Defendant #11 Galawaqe | 403 | $20,206.16 |

*See* Paladino Decl. ¶ 7. Because Dolls Kill has presented evidence establishing Defaulting Defendants' gross revenues from their sales of the Infringing Products, it has met its burden as the copyright owner to establish Defaulting Defendants' disgorgeable profits. And because each of the Defaulting Defendants has failed to carry their burden to prove what, if any, portion of these revenues is attributable to elements of the Infringing Products other than Dolls Kill's copyrighted work, Dolls Kill is entitled to recover each Defaulting Defendants' gross revenues from their sales of the Infringing Product. Dolls Kill should thus be awarded $273,423.22 in disgorgeable profits from Defendant DOE #10 and $20,206.16 from Defendant DOE #11.

## VI. To collect on the default judgments, all monies up to the amount of the awarded damages currently restrained by Amazon.com should be released to Plaintiff as partial payment of the above-identified damages

As discussed, on information and belief, the Defaulting Defendants are foreign entities doing business in this District through use of the Seller Aliases on the Amazon online marketplace. Given the likelihood of liquidation and flight, this Court previously ordered the restraint of Defaulting Defendants' Amazon accounts and assets associated with that account. Dkt. No. 33. To collect any portion of an award that this Court deems proper, Dolls Kill must obtain such funds from the Defaulting Defendants' restrained Amazon account assets. Dolls Kill will have no other way to attempt to collect on the judgment otherwise. Additionally, the exact amount of funds restrained in each Defaulting Defendant's account has been provided by Amazon, and each falls well short of Defaulting Defendants' revenues from infringement. Paladino Decl. ¶ 8. Thus, Dolls Kill seeks an order that the funds currently frozen in each Defaulting Defendant's Amazon seller account be transferred to Dolls Kill as partial satisfaction of the damages awarded against each Defaulting Defendant.

Further, Dolls Kill is aware that sellers may receive payment for additional sales that are fulfilled by Amazon, despite the restraints implemented on the account. The monies from those

sales are continuously added into the sellers account, which is currently restrained by amazon. Therefore, Dolls Kill further seeks that any additional funds accumulated in each Defaulting Defendants account as the result of future transactions should be dispersed to Plaintiff until the judgement awarded is satisfied in full. In the alternative, Dolls Kill requests that until the awarded damages are recovered in full, Dolls Kill shall have the ongoing authority to commence supplemental proceedings under Fed. R. Civ. P. 69.

## VII. Dolls Kill is entitled to permanent injunctive relief

In addition to the foregoing relief, Dolls Kill respectfully requests entry of permanent injunction enjoining each of the Defaulting Defendants from infringing or otherwise violating Dolls Kill's rights in and to the Subject Artworks, including by enjoining the sale of the Infringing Products and use Offending Advertisements and all other injunctive relief previously awarded by the Court to Dolls Kill in the TRO and preliminary injunctions granted earlier in this matter. Dkt Nos. 10, 33. Dolls Kill is further entitled to such injunctive relief so it can take action against other online sellers of infringing products that are discovered to be connected with the Defaulting Defendants. See *Burberry Limited, et al. v. The Partnerships and Unincorporated Associations Identified in Schedule "A," et al*, No. 1:14-cv-08220 (N.D. Ill. Dec. 11, 2014) (Dkt. No. 45).

## VIII. Conclusion

Defaulting Defendants have willfully failed to appear or otherwise defend themselves in this action despite Dolls Kill effecting service of the Summons and Complaint upon them in accordance with the Court's orders. Default should thus be entered against Defaulting Defendants. And Dolls Kill has—as already affirmed by this Court—set forth a *prima facie* case of copyright infringement against Defaulting Defendants for their sale of products infringing on Dolls Kill's copyrights. Dolls Kill has further proven the exact gross revenues received by Defaulting

Defendants from their sales of the Infringing Products, fulfilling its burden to establish damages under the Copyright Act. Thus, default judgment should be entered against DOE #10 for $273,423.22 and DOE #11 for $20,206.16. This Court should further enter a permanent injunction against Defaulting Defendants prohibiting them from selling, marketing, manufacturing, and/or advertising the Infringing Products or any products which infringe on Dolls Kill's copyrights and transferring to Dolls Kill all frozen funds in Defaulting Defendants' Amazon seller accounts in partial satisfaction of the above awards of damages.

Respectfully submitted,

Dated: August 5, 2024

By: *__/s/ Mackenzie Paladino__*

Mackenzie Paladino, Esq. (Bar No. 6342560)
DONIGER / BURROUGHS
247 Water Street, First Floor
New York, New York 10038
mpaladino@donigerlawfirm.com
*Attorney for Plaintiff*