> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

### For the Seventh Circuit
### Chicago, Illinois 60604



Argued September 30, 2025
Decided October 30, 2025

**Before**

MICHAEL Y SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

NANCY L. MALDONADO, *Circuit Judge*

No. 24-2841

| | |
|---|---|
| DOLLS KILL, INC., <br> *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 1:24-cv-01960 |
| MENGERYT, <br> *Defendant-Appellee*. | Steven C. Seeger, *Judge*. |

## ORDER

Dolls Kill, a clothing brand, sued several online merchants for copyright infringement, winning a default judgment against two. The district court awarded Dolls Kill statutory damages under the Copyright Act. But Dolls Kill insists it was entitled under the Act to a disgorgement of the infringer's profits. Because the Act vests the choice of damages in the plaintiff, we vacate the judgment and remand the case for the district court to address Dolls Kill's request for disgorgeable profits.

Dolls Kill is known for clothing designs with alternative appeal, like the design at issue in this case, the "Teddy Deady Backpack." Another merchant, MengEryt,

hawked a backpack identical to Dolls Kill's copyrighted design on Amazon. In this action, Dolls Kill sued MengEryt and fourteen other Amazon storefronts for infringement. Dolls Kill eventually settled its claims against the other storefronts, but two defendants—MengEryt and Galawaqe—failed to appear, so the district court entered default against them.

As the victor in a copyright infringement suit, Dolls Kill pursued damages under the Copyright Act of 1976, 17 U.S.C. § 504. The Act provides copyright owners with a choice between two kinds of damages: actual damages (including an infringer's disgorgeable profits) or statutory damages, awarded within the court's discretion. 17 U.S.C. § 504(b)–(c). Dolls Kill sought the defendants' disgorgeable profits under § 504(b), totaling $273,423.22 from MengEryt and $20,206.16 from Galawaqe. The district court instead awarded $1,000 in statutory damages from MengEryt and Galawaqe for willful infringement under § 504(c)(2). Dolls Kill has since settled with Galawaqe and now appeals the default judgment against MengEryt who did not participate in this appeal.

Under the Copyright Act, a copyright holder "is entitled" under subsection (b) to actual damages or "may elect" under subsection (c) to receive statutory damages. 17 U.S.C. § 504(a)–(c). A copyright owner pursuing damages under § 504(b) may seek the infringer's ill-gotten profits rather than actual damages. *See Bucklew v. Hawkins, Ash, Baptie & Co., LLP.*, 329 F.3d 923, 931 (7th Cir. 2003). When seeking disgorgeable profits, the copyright owner need "present proof only of the infringer's gross revenue" from the infringing product. 17 U.S.C. § 504(b). The infringer then bears the burden of mitigating the award by proving deductible expenses or that portions of the profit are not attributable to the infringement. *Id*.

Alternatively, a copyright holder may seek statutory damages under § 504(c). The court has discretion to award between $750 and $30,000 per infringed work; if the court finds the infringement willful, it may award up to $150,000 in damages per work. *Id*. § 504(c)(1)–(2). The copyright holder must elect to receive statutory damages before final judgment. *Id*. § 504(c)(1).

On appeal, Dolls Kill argues that the district court erred by awarding statutory damages instead of disgorgeable profits. According to Dolls Kill, the Copyright Act lets the copyright holder choose its form of damages, yet the district court disregarded Dolls Kill's choice of disgorgeable profits without explanation. Dolls Kill adds that it supported the request for nearly $300,000 in disgorgeable profits with proof of MengEryt's gross revenue—an unsigned declaration from Dolls Kill's attorney attesting

that Amazon disclosed during third-party discovery that MengEryt made that amount selling the backpacks. Because MengEryt never offered proof contesting the award, Dolls Kill argues it is entitled to all gross revenue.

The district court erred in awarding statutory damages because the plain language of the Copyright Act leaves the choice of damages to the plaintiff. A copyright owner "is entitled" to actual damages and profits, and it is the "copyright owner" who "may elect" instead to receive statutory damages. 17 U.S.C. § 504(b)–(c). Here, Dolls Kill sought the defendant's profits rather than statutory damages. The statute required the district court to honor that choice, so we vacate the judgment.

But the Act also requires a plaintiff seeking disgorgeable profits to present proof of the infringer's gross revenue. *Id.* § 504(b). Dolls Kill argues that the unsworn declaration from its attorney suffices. We leave it to the district court on remand to decide whether Dolls Kill has proved its entitlement to disgorgeable profits.

On a final note, we acknowledge that a flood of similar claims of intellectual property infringement with no particular ties to the Northern District of Illinois have swamped and, understandably, troubled the district courts. *See generally, Eicher Motors Ltd. v. P'ships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 25-CV-02937, 2025 WL 2299593, at *4 (N.D. Ill. Aug. 8, 2025).[*] District courts have broad discretion in managing these cases, which often depart from "the general rule in favor of adversarial proceedings," especially when they result in a default judgment. *Id. Cf. Dyson Tech. Ltd. v. David 7 Store*, 132 F.4th 526, 529 (7th Cir. 2025) (trademark plaintiffs may receive windfall when infringer fails to offer evidence of deductions).

But even under a default judgment, "the victor must still prove up damages," *Domanus v. Lewicki*, 742 F.3d 290, 303 (7th Cir. 2014), and the court must "ascertain the amount of damages with reasonable certainty," *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (citing *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004)).

---

[*] Known as "Schedule A" cases, actions like this one are filed under seal against unnamed defendants "Identified in Schedule A." *Id.* at *1. The defendants are usually anonymous online merchants, selling goods from abroad on e-commerce platforms like Amazon or Etsy. *Id.* at *2. In these cases, plaintiffs often seek an emergency TRO, prejudgment restraint on assets, and approval for electronic service of process—all ex parte. *Id.* As here, many Schedule A cases resolve in a default judgment. *Id.*

No. 24-2841                                                         Page 4

On remand, the district court must give effect to Dolls Kill's choice of disgorgeable profits. *See* 17 U.S.C. § 504(b). But we leave to the district court's discretion how to proceed regarding that choice, including whether to permit Dolls Kill to supplement the record.

We VACATE the judgment and REMAND for proceedings consistent with this order.